IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL HOLLY, | ) | Civil Action No. <u>2:17-cv-00056-WCO-JCF</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND TRIAL BY** |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| COOLING & WINTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1.     Plaintiff Michael Holly ("Plaintiff") brings this action against Defendant Cooling & Winter, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.    "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8.    The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

9.    "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

10.   The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This

objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of Georgia, County of Jackson, and City of Hoschton.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

16.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were

4

incurred primarily for personal, family, or household purposes—namely, a personal Bank of America account (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. Prior to Defendant's attempts to collect on the Debt, Plaintiff had previously retained Marques Carter and the Thompson Consumer Law Group (collectively "TCLG") with regards to a different FDCPA lawsuit for the same Debt.

19. On February 25, 2016, Defendant sent a letter to TCLG in an attempt to collect the Debt from Plaintiff.

20. Because TCLG did not represent Plaintiff on the Debt, TCLG forwarded the letter to Plaintiff.

21. A true and correct copy of Defendant's February 25, 2016 letter is attached to this complaint as Exhibit A.

22. Defendant's February 25, 2016 letter was Defendant's initial communication with Plaintiff with respect to the Debt.  Exhibit A.

23.    Defendant's February 25, 2016 letter stated that the balance of the Debt was $5,028.72.  Exhibit A.

24.    Defendant's February 25, 2016 letter failed to inform Plaintiff that the Debt was subject to increase due to accrued interest, fees, or other charges.

25.    On March 11, 2016, Plaintiff sent Defendant a letter disputing the Debt.

26.    A true and correct copy of Plaintiff's dispute letter is attached to this complaint as Exhibit B.

27.    Prior to disputing the Debt, Plaintiff sent Defendant a check for $100 on February 29, 2016.

28.    In response to Plaintiff's March 11, 2016 dispute letter, Defendant sent TCLG a letter dated March 22, 2016 which included bank statements of the Debt.

29.    A true and correct copy of Defendant's March 22, 2016 letter and the final bank statement dated April 21, 2012 is attached to this complaint as Exhibit C.

30.    Prior bank statements included with Defendant's March 22, 2016 letter are excluded from Exhibit C to avoid confusion.

31.    Defendant's March 22, 2016 letter stated that the balance of the Debt was $4,928.72. Exhibit C.

32.    However, the April 21, 2012 final bank statement shows the balance of the Debt at $4,932.72.  Exhibit C.

33.    Plaintiff, or the least sophisticated consumer, would be unaware as to why Defendant's March 22, 2016 letter lists the Debt as $4,928.72 instead of $4,832.72.

34.    Based on the purported verification provided by Defendant, there is a discrepancy of $96 between what Defendant was attempting to collect and what the verification documents indicated Plaintiff actually owed.

35.    Upon information and belief, Defendant had obtained a judgment against Plaintiff on January 13, 2016.

36.    Upon information and belief, the $96 discrepancy comes from the Georgia state court filing fee.[1]

37.    However, Defendant's March 22, 2016 letter does not contain a copy of the judgment.

38.    Without documents verifying that Defendant obtained a judgment against Plaintiff, and the associated costs, the least sophisticated consumer would

_____
[1] http://www.jacksoncountygov.com/290/Civil-Claims

be unable as to confirm that the amount Defendant was attempting to collect from him was correct.

39.     The least sophisticated consumer would also be confused as to why Defendant was attempting to collect an amount that differed from the verification documents he received.

40.     Defendant failed to properly verify the Debt because it did not provide Plaintiff with a copy of the judgment.

41.     The verification provided by Defendant was insufficient to allow Plaintiff to properly verify that Defendant was attempting to collect the right amount of the Debt.

42.     On November 16, 2016, Defendant sent Plaintiff another letter in an attempt to collect the Debt.

43.     A true and correct copy of Defendant's November 16, 2016 letter is attached to this complaint as Exhibit D.

44.     Despite failing to provide a copy of the judgment—as required by the FDCPA—Defendant continued to attempt to collect the Debt from Plaintiff. Exhibit D.

45.     Defendant's November 16, 2016 letter continued to state that the balance of the Debt was $4,928.72.  Exhibit D.

46.     Upon information and belief, Plaintiff's Debt is subject to increased due to the accrual of post-judgment interest.  O.C.G.A. § 7–4–12.

47.     Upon information and belief, Defendant did not waive post-judgment interest on the Debt.

48.     Despite having a judgment against Plaintiff on the Debt, the balance stated in Defendant's November 16, 2016 did not increase from the balance stated in Defendant's previous letters.  Exhibit A; Exhibit C; Exhibit D.

49.     Upon information and belief, the balance of the Debt also excluded service fees.

50.     Plaintiff was served by the Sheriff's Office of Jackson County, Georgia.

51.     Upon information and belief, Defendant therefore incurred an additional $50 fee which is not accounted for in the balance of the Debt or in the verification documents.[2]

52.     Plaintiff, or the least sophisticated consumer, would be unsure of the amount of the Debt.

53.     Therefore, Defendant failed to accurately state the amount and legal status of the Debt.

---

[2] http://www.jacksoncountysheriff.us/Index.aspx?page=627

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

54.     Plaintiff repeats each and every factual allegation above.

55.     Georgia law states: "All judgments in this state shall bear annual interest upon the principal amount."  O.C.G.A. § 7–4–12.

56.     Georgia law further states that this post-judgment interest rate "shall apply automatically to all judgments in this state and the interest shall be collectable as a part of each judgment whether or not the judgment specifically reflects the entitlement to postjudgment interest."  *Id.; see also Camacho v. Nationwide Mut. Ins. Co.*, 188 F. Supp. 3d 1331, 1352 (N.D. Ga. 2016); *Nodvin v. West,* 197 Ga. App. 92, 94, 397 S.E.2d 584 (1990) (holding that post-judgment interest accrued on the judgment even where the order did not contain a specific provision stating the recovery of post-judgment interest.).

57.     Courts agree that statutory post-judgment interest rates may not be waived absent an express agreement.  *See Whitehurst v. Camp,* 699 So. 2d 679, 682 (Fla. 1997) ("[T]he parties must expressly provide that [a] specified rate governs postjudgment interest.") (alterations added); *Fidelity Fed. Bank v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) ("An exception to [28 U.S.C.] § 1961 exists when the parties contractually agree to waive its application.") (citing *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th Cir. 1998))

10

(alteration added); *OneBeacon Ins. Co. v. T. Wade Welch & Associates,* No. H-11-3061, 2015 WL 926515, at *4 (S.D. Tex. Mar. 4, 2015) ("While the court notes that the Welch Litigants offered to waive the statutory post-judgment interest, since there has been no agreement amongst the parties stipulating to this waiver, the court must also award interest . . . .").

58.    By having a judgment against Plaintiff that "*shall* bear annual interest upon the principal amount" the least sophisticated consumer would not know whether the judgment was truly accruing interest, or if it would remain static. O.C.G.A. § 7–4–12(a) (emphasis added).

59.    Because Defendant or the creditor is not permitted to waive the court mandated post-judgment interest then Defendant's February 25, 2016, March 22, 2016, and November 16, 2016 letters falsely represented the character and amount of the Debt.

60.    However, in the alternative, if Defendant or the creditor is permitted to waive post-judgment interest, then Defendant falsely represented the character of the Debt because, based upon the mandatory language of the Georgia statute § 7–4–12, the least sophisticated consumer could reasonably believe that the post-judgment interest was accruing and Defendant failed to advise otherwise.

61.     Accordingly, Defendant's February 25, 2016, March 22, 2016, and November 16, 2016 letters falsely represented the character and/or amount of the Debt, and Defendant used false, deceptive, or misleading representations or means in connection with the collection of the Debt.

62.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by failing to include post-judgment interest and other costs in Defendant's attempts to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

63.   Plaintiff repeats each and every factual allegation above.

64.   Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

65.   Plaintiff repeats each factual allegation contained above.

66.     Defendant violated 15 U.S.C. § 1692g(a)(1) for failing to accurately state the amount of the Debt in Defendant's initial communication with Plaintiff, including by failing to include post-judgment interest and other costs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692g(b)**

67.     Plaintiff repeats each factual allegation contained above.

68.     Section 1692g(a)(4) explicitly states that the debt collector "will obtain . . . a copy of the judgment," and mail it to the consumer.

69.     "If a judgment exists, the debt collector should promise to provide it. If a judgment does not exist, the debt collector must promise to provide alternative verification of the debt." *Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F. Supp. 405, 410 (N.D.N.Y. 1995).

70.     Defendant violated 15 U.S.C. § 1692g(b) by failing to properly verify the Debt, including by failing to provide Plaintiff a copy of the judgment and for continuing to attempt to collect the Debt without providing a copy of the judgment that had been obtained against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

71.    Plaintiff is entitled to and hereby demands a trial by jury.


Dated: March 22, 2017

                          Respectfully submitted,

                          s/Marques J. Carter
                          Marques J. Carter
                          Georgia Bar No. 105133
                          Law Office of Marques J. Carter, LLC
                          3400 Chapel Hill Road, Suite 100
                          Douglasville, GA 30135
                          (888) 332-7252
                          (866) 842-3303 (fax)
                          mcarter@consumerlawinfo.com
                          Attorney for Plaintiff

                          Correspondence address:
                          Thompson Consumer Law Group, PLLC
                          5235 E. Southern Ave., D106-618
                          Mesa, AZ 85206


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                          Respectfully submitted,

<u>s/Marques J. Carter</u>
Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorney for Plaintiff