# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

MICHAEL HOLLY,

    Plaintiff,

v.

COOLING AND WINTER, LLC,

    Defendant.

CIVIL ACTION NO.
2:17-CV-56-RWS-JCF

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 17].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and

AO 72A
(Rev.8/8
2)

recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Here, Defendant has objected to only one portion of the R&R, specifically the recommendation regarding Plaintiff's claim that Defendant failed to properly verify the debt. The Court has reviewed this section of the R&R *de novo*. Defendant argues that the March 22 letter itself satisfied the Fair Debt Collection Practices Act's verification requirement. However, the Court disagrees. Even if Defendant's letter by itself would have been sufficient, because of the conflicting information (in the form of a bill statement showing an amount different from the amount being sought in the verification letter), Plaintiff has plausibly stated a claim that verification was not adequately provided. Defendant's objection [Doc. No. 19] is OVERRULED.

AO 72A
(Rev.8/8
2)

The Court has reviewed the remainder of the R&R for plain error and has found none. As such, the R&R [Doc .No. 17] is hereby approved and adopted as the opinion and order of this Court. Defendant's Motion to Dismiss [Doc. No. 7] is GRANTED in part and DENIED in part. The Motion to Dismiss [Doc. No. 7] is DENIED as to Plaintiff's claim that Defendant failed to properly verify the debt pursuant to § 1692g(b). The Motion to Dismiss [Doc. No. 7] is otherwise GRANTED. This case is REFERRED to Judge Fuller for further proceedings.

**SO ORDERED**, this 16th day of February, 2017.

RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/8
2)